

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,443-01

### EX PARTE STEPHEN CHRISTOPHER LANDRY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15-22974-A IN THE CRIMINAL DISTRICT COURT
### FROM JEFFERSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to twenty years' imprisonment. The Ninth Court of Appeals dismissed his appeal because Applicant had no right of appeal. *Landry v. State*, No. 09-16-00129-CR (Tex. App.—Beaumont Jun. 29, 2016) (not designated for publication).

Applicant contends, among other things, that his plea was involuntary because counsel did not explain the meaning and significance of the State's plea offer calling for a "12-year-cap." The habeas court recommends dismissing Applicant's appeal because the grounds for relief are not

legibly written due to the size of the writing. We will review the writ application on the merits.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The court shall makes specific findings addressing whether counsel conveyed all plea offers to Applicant and, if so, whether he explained them sufficiently so that Applicant's decisions were voluntary. Should the court determine that Applicant refused an offer because of inadequate legal advice, it shall make specific findings addressing whether: (1) Applicant would have accepted the earlier offer had counsel not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 29, 2017
Do not publish